1  **Thomas P. Riley, SBN 194706**
   **LAW OFFICES OF THOMAS P. RILEY, P.C.**
2  **First Library Square**
   **1114 Fremont Avenue**
3  **South Pasadena, CA 91030-3227**

4

5  **Tel:  626-799-9797**
   **Fax:  626-799-9795**
6  **TPRLAW@att.net**

7

8  **Attorneys for Plaintiff**
   **G & G Closed Circuit Events, LLC**

9              **UNITED STATES DISTRICT COURT**
10                          **FOR THE**
                **CENTRAL DISTRICT OF CALIFORNIA**
11                   **SOUTHERN DIVISION**

12

13  **G & G CLOSED CIRCUIT EVENTS,**        **Case No.: 8:18-cv-784**
    **LLC,**
14                                          **COMPLAINT**
              **Plaintiff,**
15

16         **vs.**

17

18  **ANTONIO CASTILLO**
    **HERNANDEZ, JULIETA**
19  **ALMAGUER DE CASTILLO and**
    **BRYAN CASTILLO ALMAGUER,**
20  **individually and d/b/a EL SABOR DE**
    **MARISCOS DOS AMIGOS a/k/a**
21  **MARISCOS DOS AMIGOS; and EL**
    **SABOR DE MARISCOS DOS**
22  **AMIGOS, LLC, an unknown business**
    **entity d/b/a EL SABOR DE**
23  **MARISCOS DOS AMIGOS a/k/a**
    **MARISCOS DOS AMIGOS,**
24

25

26

27            **Defendants.**

28

**PLAINTIFF ALLEGES:**

## JURISDICTION

1.      Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.,* and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S. Section 553, *et seq,* and California B&P Section 17200, a California state statute.

2.      This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

3.      This Court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight *Program* hereinafter set forth at length. The Defendants' wrongful acts consisted of the interception, reception, publication, divulgence, display, exhibition,

///

and tortious conversion of said property of Plaintiff within the control of the Plaintiff in the State of California constituting an unfair business practice in violation of the law, including specific California state statutes, more particularly set forth below.

## VENUE

4.    Pursuant to Title 47 U.S.C. Section 605, venue is proper in the Central District of California, because a substantial part of the events or omissions giving rise to the claim occurred in this District and/or because, *inter alia,* all Defendants reside within the State of California (28 U.S.C. § 1391(b) and 28 U.S.C. § 84(c)(2)).

## INTRADISTRICT ASSIGNMENT

5.    Assignment to the Southern Division of the Central District of California is proper because a substantial part of the events or omissions giving rise to the claim occurred in Orange County and/or, the United States District Court for the Central District of California has decided that suits of this nature, and each of them, are to be heard by the Courts in this particular Division.

///

///

///

///

///

## THE PARTIES

6.      Plaintiff, G & G Closed Circuit Events, LLC, is and at all relevant times mentioned was, a California corporation with its principal place of business located at 2925 Green Valley Parkway, Suite D, Henderson, Nevada 89014.

7.      Defendant Antonio Castillo Hernandez is a managing member of El Sabor De Mariscos Dos Amigos, LLC, which owns and operates the establishment doing business as El Sabor De Mariscos Dos Amigos a/k/a Mariscos Dos Amigos operating at 8546 Chapman Avenue, Stanton, California 90680.

8.      Defendant Antonio Castillo Hernandez is also one of three individuals (the others being Defendants Julieta Almaguer De Castillo and Bryan Castillo Almaguer) specifically identified on the California Department of Alcoholic Beverage Control license No. 572086 issued for El Sabor De Mariscos Dos Amigos a/k/a Mariscos Dos Amigos  as the Licensee.

9.      Defendant Julieta Almaguer De Castillo is a managing member of El Sabor De Mariscos Dos Amigos, LLC, which owns and operates the establishment doing business as El Sabor De Mariscos Dos Amigos a/k/a Mariscos Dos Amigos operating at 8546 Chapman Avenue, Stanton, California 90680.

///

10.     Defendant Julieta Almaguer De Castillo is also one of three individuals (the others being Defendants Antonio Castillo Hernandez and Bryan Castillo Almaguer) specifically identified on the California Secretary of State Statement of Information Document No. 201711710016 for El Sabor de Mariscos Dos Amigos, LLC as a member of the Limited Liability Company.

11.     Defendant Bryan Castillo Almaguer is a managing member of El Sabor De Mariscos Dos Amigos, LLC, which owns and operates the establishment doing business as El Sabor De Mariscos Dos Amigos a/k/a Mariscos Dos Amigos operating at 8546 Chapman Avenue, Stanton, California 90680.

12.     Defendant Bryan Castillo Almaguer is also one of three individuals (the others being Defendants Antonio Castillo Hernandez and Julieta Almaguer De Castillo) specifically identified on the California Secretary of State Statement of Information Document No. 201711710016 for El Sabor de Mariscos Dos Amigos, LLC member of the Limited Liability Company.

13.     Plaintiff is informed and believes, and alleges thereon that on Saturday, May 6, 2017 (the night of the *Program* at issue herein, as more specifically defined in paragraph 26), Defendant Antonio Castillo Hernandez had the right and ability to

supervise the activities of El Sabor De Mariscos Dos Amigos a/k/a Mariscos Dos Amigos, which included the unlawful interception of Plaintiff's *Program*.

14.    Plaintiff is informed and believes, and alleges thereon that on Saturday, May 6, 2017 (the night of the *Program* at issue herein, as more specifically defined in paragraph 26), Defendant Julieta Almaguer De Castillo had the right and ability to supervise the activities of El Sabor De Mariscos Dos Amigos a/k/a Mariscos Dos Amigos, which included the unlawful interception of Plaintiff's *Program*.

15.    Plaintiff is informed and believes, and alleges thereon that on Saturday, May 6, 2017 (the night of the *Program* at issue herein, as more specifically defined in paragraph 26), Defendant Bryan Castillo Almaguer had the right and ability to supervise the activities of El Sabor De Mariscos Dos Amigos a/k/a Mariscos Dos Amigos, which included the unlawful interception of Plaintiff's *Program*.

16.    Plaintiff is informed and believes, and alleges thereon that on Saturday, May 6, 2017  (the night of the *Program* at issue herein, as more specifically defined in paragraph 26), Defendant Antonio Castillo Hernandez, as an individual specifically identified on the California Department of Alcoholic Beverage Control License for El Sabor De Mariscos Dos Amigos a/k/a Mariscos Dos Amigos, had the obligation to supervise the activities of El Sabor De Mariscos Dos Amigos a/k/a Mariscos Dos

Amigos, which included the unlawful interception of Plaintiff's *Program,* and, among other responsibilities, had the obligation to ensure that the liquor license was not used in violation of the law.

17.    Plaintiff is informed and believes, and alleges thereon that on Saturday, May 6, 2017  (the night of the *Program* at issue herein, as more specifically defined in paragraph 26), Defendant Julieta Almaguer De Castillo, as an individual specifically identified on the California Secretary of State Statement of Information document for El Sabor de Mariscos Dos Amigos, LLC, had the obligation to supervise the activities of El Sabor De Mariscos Dos Amigos a/k/a Mariscos Dos Amigos, which included the unlawful interception of Plaintiff's *Program,* and, among other responsibilities, had the obligation to ensure that El Sabor De Mariscos Dos Amigos a/k/a Mariscos Dos Amigos operated lawfully at all times.

18.    Plaintiff is informed and believes, and alleges thereon that on Saturday, May 6, 2017  (the night of the *Program* at issue herein, as more specifically defined in paragraph 26), Defendant Bryan Castillo Almaguer, as an individual specifically identified on the California Secretary of State Statement of Information document for El Sabor de Mariscos Dos Amigos, LLC, had the obligation to supervise the activities of El Sabor De Mariscos Dos Amigos a/k/a Mariscos Dos Amigos, which included the unlawful interception of Plaintiff's *Program,* and, among other

responsibilities, had the obligation to ensure that El Sabor De Mariscos Dos Amigos a/k/a Mariscos Dos Amigos operated lawfully at all times.

19.     Plaintiff is informed and believes, and alleges thereon that on Saturday, May 6, 2017 (the night of the *Program* at issue herein, as more specifically defined in paragraph 26), Defendants Antonio Castillo Hernandez, Julieta Almaguer De Castillo and Bryan Castillo Almaguer specifically directed or permitted the employees of El Sabor De Mariscos Dos Amigos a/k/a Mariscos Dos Amigos to unlawfully intercept and broadcast Plaintiff's *Program* at El Sabor De Mariscos Dos Amigos a/k/a Mariscos Dos Amigos, or intentionally intercepted, and/ or published the *Program* at El Sabor De Mariscos Dos Amigos a/k/a Mariscos Dos Amigos themselves. The actions of the employees of El Sabor De Mariscos Dos Amigos a/k/a Mariscos Dos Amigos are directly imputable to Defendants Antonio Castillo Hernandez, Julieta Almaguer De Castillo and Bryan Castillo Almaguer by virtue of their acknowledged responsibility for the operation of El Sabor De Mariscos Dos Amigos a/k/a Mariscos Dos Amigos.

20.     Plaintiff is informed and believes, and alleges thereon that on Saturday, May 6, 2017, Defendant Antonio Castillo Hernandez, as a managing member of El Sabor De Mariscos Dos Amigos, LLC and as an individual specifically identified on the liquor license for El Sabor De Mariscos Dos Amigos a/k/a Mariscos Dos Amigos,

has an obvious and direct financial interest in the activities of El Sabor De Mariscos Dos Amigos a/k/a Mariscos Dos Amigos, which included the unlawful interception of Plaintiff's *Program*.

21.    Plaintiff is informed and believes, and alleges thereon that on Saturday, May 6, 2017, Defendant Julieta Almaguer De Castillo, as a managing member of El Sabor De Mariscos Dos Amigos, LLC and as an individual specifically identified on the California Secretary of State Statement of Information document for El Sabor De Mariscos Dos Amigos, LLC, has an obvious and direct financial interest in the activities of El Sabor De Mariscos Dos Amigos a/k/a Mariscos Dos Amigos, which included the unlawful interception of Plaintiff's *Program*.

22.    Plaintiff is informed and believes, and alleges thereon that on Saturday, May 6, 2017, Defendant Bryan Castillo Almaguer, as a managing member of El Sabor De Mariscos Dos Amigos, LLC and as an individual specifically identified on the California Secretary of State Statement of Information document for El Sabor De Mariscos Dos Amigos, LLC, has an obvious and direct financial interest in the activities of El Sabor De Mariscos Dos Amigos a/k/a Mariscos Dos Amigos, which included the unlawful interception of Plaintiff's *Program*.

///

///

23.    Plaintiff is informed and believes, and alleges thereon that the unlawful broadcast of Plaintiff's *Program*, as supervised and/or authorized by Defendants Antonio Castillo Hernandez, Julieta Almaguer De Castillo and Bryan Castillo Almaguer, resulted in increased profits for El Sabor De Mariscos Dos Amigos a/k/a Mariscos Dos Amigos.

24.    Plaintiff is informed and believes, and alleges thereon that Defendant, El Sabor De Mariscos Dos Amigos, LLC is an owner, and/or operator, and/or licensee, and/or permittee, and/or person in charge, and/or an individual with dominion, control, oversight and managements of the commercial establishment doing business as El Sabor De Mariscos Dos Amigos a/k/a Mariscos Dos Amigos operating at 8546 Chapman Avenue, Stanton, California 90680.

## **COUNT I**

### **(Violation of Title 47 U.S.C. Section 605)**

25.    Plaintiff G & G Closed Circuit Events, LLC hereby incorporates by reference all of the allegations contained in paragraphs 1-24, inclusive, as though set forth herein at length.

26.    Pursuant to contract, Plaintiff G & G Closed Circuit Events, LLC was granted the exclusive nationwide commercial distribution (closed-circuit) rights to *Saul*

*Alvarez v. Julio Cesar Chavez, Jr. Super Middleweight Championship Fight Program*, telecast nationwide on Saturday, May 6, 2017 (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "*Program*").

27.    Pursuant to contract, Plaintiff G & G Closed Circuit Events, LLC, entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of California, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the *Program* within their respective commercial establishments in the hospitality industry (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).

28.    As a commercial distributor and licensor of sporting events, including the *Program*, Plaintiff G & G Closed Circuit Events, LLC expended substantial monies marketing, advertising, promoting, administering, and transmitting the *Program* to its customers, the aforementioned commercial entities.

29.    With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, the above named Defendants, either through direct action or through actions of employees or agents directly imputable to Defendants (as

outlined in paragraphs 7-24 above), did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the time of its transmission at their commercial establishment in Stanton, California located at 8546 Chapman Avenue, Stanton, California  90680.

30.    Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by each of the Defendants was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

31.    Title 47 U.S.C. Section 605, *et seq*., prohibits the unauthorized publication or use of communications (such as the transmission of the *Program* for which Plaintiff G & G Closed Circuit Events, LLC, had the distribution rights thereto).

32.    By reason of the aforesaid mentioned conduct, the aforementioned Defendants violated Title 47 U.S.C. Section 605, *et seq.*

33.    By reason of the Defendants' violation of Title 47 U.S.C. Section 605*, et seq*., Plaintiff G & G Closed Circuit Events, LLC, has the private right of action pursuant to Title 47 U.S.C. Section 605.

*///*

34.    As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff G & G Closed Circuit Events, LLC, is entitled to the following from each Defendant:

(a)    Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii);

(b)    Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii); and

(c)    The recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## COUNT II

**(Violation of Title 47 U.S.C. Section 553)**

35.    Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-34, inclusive, as though set forth herein at length.

///

///

///

36.    The unauthorized interceptions, reception, publication, divulgence, display, and/or exhibition of the *Program* by the above named Defendants was prohibited by Title 47 U.S.C. Section 553, *et seq.*

37.    By reason of the aforesaid mentioned conduct, the aforementioned Defendants violated Title 47 U.S.C. Section 553, *et seq.*

38.    By reason of the Defendants' violation of Title 47 U.S.C. Section 553, *et seq.,* Plaintiff G & G Closed Circuit Events, LLC has the private right of action pursuant to Title 47 U.S.C. Section 553.

39.    As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 553, Plaintiff G & G Closed Circuit Events, LLC is entitled to the following from each Defendant:

(a)    Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii);

(b)    Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(B);

///

///

(c)     The recovery of full costs pursuant to Title 47 U.S.C. Section 553 (c)(2)(C); and

(d)     In the discretion of this Honorable Court, reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 553 (c)(2)(C).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## COUNT III

**(Conversion)**

40.     Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-39, inclusive, as though set forth herein at length.

41.     By their aforesaid acts of interception, reception, publication, divulgence, display, and/or exhibition of the *Program* at their commercial establishment at the above-captioned address, the aforementioned Defendants tortuously obtained possession of the *Program* and wrongfully converted same for their own use and benefit.

42.     The aforesaid acts of the Defendants were willful, malicious, egregious, and intentionally designed to harm Plaintiff G & G Closed Circuit Events, LLC, by depriving Plaintiff of the commercial license fee to which Plaintiff was rightfully

entitled to receive from them, and in doing so, the Defendants subjected the Plaintiff to severe economic distress and great financial loss.

43.    Accordingly, Plaintiff G & G Closed Circuit Events, LLC is entitled to both compensatory, as well as punitive and exemplary damages, from aforementioned Defendants as the result of the Defendants' egregious conduct, theft, and conversion of the *Program* and deliberate injury to the Plaintiff.

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## **COUNT IV**

**(Violation of California Business and Professions Code Section 17200, *et seq.*)**

44.    Plaintiff hereby incorporates by reference all of the allegations contained in Paragraphs 1-43, inclusive, as set forth herein at length.

45.    By contract, Plaintiff G & G Closed Circuit Events, LLC, was granted exclusive domestic commercial exhibition closed-circuit rights to the *Program*.

46.    Plaintiff did not authorize transmission, interception, reception, divulgence, exhibition, or display of the *Program* to the general public, persons at large, or to the commercial establishment operated by the foregoing Defendants, or any of them.

47.    With full knowledge that the Program was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, the above named Defendants either through direct action or through actions of employees or agents directly imputable to Defendants by virtue of their respective positions and authority did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the Program at the real time transmission of the *Program's* broadcast at the commercial establishment, as more particularly indicated and identified above.

48.    Plaintiff is informed and believes and alleges thereon that the Defendants and/or their agents, servants, workmen, or employees performed the aforementioned acts knowingly, willfully and to confer a direct or indirect commercial advantage and/or private financial gain to the Defendants, to the detriment and injury of Plaintiff and its business enterprise as a commercial distributor and closed-circuit licensor of sports and entertainment television programming.

49.    The Defendants' unauthorized interception, publication, divulgence and/or exhibition was done by the Defendants wantonly, recklessly, and without regard whatsoever for the intellectual property rights of the Plaintiff.

///

///

50.    The aforementioned unlawful acts of each of the Defendants constituted, unlawful, untrue, fraudulent, predatory, unfair, and deceptive trade practices, and by reason of the aforementioned conduct, the Defendants violated California and Professions Code Section 17200, *et seq.*

51.    As a proximate result of the aforementioned acts attributable to the Defendants, Plaintiff has been permanently deprived of the patronage of current, previous and potential customers of the sports and entertainment programming it licenses commercially to the hospitality industry, all to its severe financial injury and loss in a sum to be determined at trial.

52.    By reason of the Defendants' violation of California Business and Professions Code Section 17200, *et seq.*, Plaintiff G & G Closed Circuit Events, LLC is entitled to restitution for its injuries, the disgorgement and turn-over of the Defendants' ill-gotten gains, as well as injunctive and declaratory relief, from each of the aforementioned Defendants as may be made more appropriately determined at trial.

53.    Plaintiff is entitled to its attorneys' fees from the Defendants for enforcing California Business and Professions Code Section 17200 as it meets the standards of a private attorney general as specifically and statutorily defined under California Civil Procedure Section 1021.5.

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1.  For statutory damages in the amount of $110,000.00 against the Defendants, and each of them;

2.  For reasonable attorneys' fees as mandated by statute;

3.  For all costs of suit, including, but not limited to, filing fees, service of process fees, investigative costs; and

4.  For such other and further relief as this Honorable Court may deem just and proper.

**As to the Second Count:**

1.  For statutory damages in the amount of $60,000.00 against the Defendants, and each of them;

2.  For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute;

3.  For all costs of suit, including, but not limited to, filing fees, service of process fees, investigative costs; and

4.  For such other and further relief as this Honorable Court may deem just and proper.

///

///

**As to the Third Count:**

1.      For compensatory damages in an amount according to proof against the Defendants, and each of them;

2.      For exemplary damages against the Defendants, and each of them;

3.      For punitive damages against the Defendants, and each of them;

4.      For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute;

5.      For all costs of suit, including, but not limited to, filing fees, service of process fee, investigative costs; and

6.      For such other and further relief as this Honorable Court may deem just and proper.

**As to the Fourth Count:**

1.      For restitution to the Plaintiff in an amount according to and from the Defendants, for their ill-gotten gains;

2.      For declaratory relief;

3.      For prohibitory and mandatory injunctive relief;

4.      For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute;

///

///

5.      For all costs of suit, including, but not limited to, filing fees, service of process fees, investigative costs; and

6.      For such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

Dated: May 3, 2018              */s/ Thomas P. Riley*
**LAW OFFICES OF THOMAS P. RILEY, P.C.**
By:  Thomas P. Riley
Attorneys for Plaintiff
G & G Closed Circuit Events, LLC

///

///

///

///

///